## No. 383
## CHAMPION v. STATE
Ohio Court of Appeals, Cuyahoga, Co.
No. 4535. Apr. 9, 1923

This opinion has not been published except in Abstract.

HOMICIDE—(1) Argument not restricted to evidence—(2) Failure to charge on accident killing where there is evidence on that feature—(3) Failure to charge on self-defense where there is evidence on that feature—(4) Failure of court to charge on assault and battery under a charge of murder—(5) Failure to lay foundation for expert testimony.

LEVINE, J.:

### Epitomized Opinion

Error to Cuyahoga Common Pleas; reversed.

Mabel Champion was indicted for murder in the first degree. The evidence disclosed that on July 26, 1922, she shot a man named O'Connell in a restaurant in Cleveland, O. The evidence disclosed that O'Connell was intoxicated at the time and also seemed to indicate that Mabel Champion and her husband had also been drinking heavily. During the course of a quarrel in the restaurant, between O'Connell and her husband, she shot three times at O'Connell, two shots taking effect and causing his

death. Whether the first shot took effect did not appear from the record. The evidence was also in conflict as to whether she shot O'Connell deliberately or shot him in self-defense. The accused claimed that O'Connell had hold of her wrists when the last two shots only were fired. The trial resulted in a conviction of manslaughter. A motion for a new trial was duly made and overruled. The accused then prosecuted error, claiming misconduct on the part of the state's attorney and also error in the court's refusal to properly instruct the jury on the law of self-defense and on the subject of accidental shooting. In reversing the judgment of Judge Bernon, the Court of Appeals held:

1. While the assistant prosecuting attorney went beyond the scope of the evidence in his argument, this was not prejudicial, as the court clearly instructed the jury that the arguments of counsel could not be considered by them as evidence.

2. Where the evidence raised an issue as to whether the shooting was accidental or not, it was the court's duty to instruct the jury that if they found that the shooting occurred as claimed by the accused, the killing would be accidental and the accused would not be guilty of any offense; and a failure so to charge was prejudicial error.

3. As the evidence was not clear as to whether the first shot took effect or not, the court erred in refusing to instruct the jury that if it found that the first shot took effect, it should also consider whether the accused shot in self-defense.

4. As a jury may render a verdict of guilty of assault and battery or battery only under an indictment for murder in the first degree, the court erred in refusing to instruct the jury on that subject.

5. Before the testimony of an expert concerning powder marks is admissible, a foundation must be laid showing that the clothing was in substantially the same condition at the time that it was examined as it was at the time of the shooting.

Attorneys—Reed, Meals, Orgill & Maschke, for Champion; E. C. Stanton and J. T. Cassidy, for State.